**Richard Doyle RUSH, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 5820.

United States Court of Appeals
Tenth Circuit.

June 16, 1958.

A. Camp Bonds and Edwin Langley, Muskogee, Okl., for appellant.

Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Rush is the owner of a 1954 Ford automobile which was seized in Pushmataha County, Oklahoma, on March 17, 1957, by officers of the Alcohol and Tobacco Tax Division of the Internal Revenue Service of the United States because of its alleged use in the transportation of illicit distilled spirits in violation of 26 U.S.C. §§ 7301 and 7302.

Purporting to act under 26 U.S.C. § 7325, the supervisor in charge of the Alcohol and Tobacco Tax Division at Oklahoma City, Oklahoma, declared an administrative forfeiture of the car which had an appraised value of $750. The car was not sold but was retained by the Al-

cohol and Tobacco Tax Division and taken to Dallas, Texas, for use there by that agency.[1]

Appellant Rush submitted to the supervisor in charge a claim for the car and a cost bond in the required amount. These were rejected. Rush then instituted this proceeding in the United States District Court for the Eastern District of Oklahoma asserting that the forfeiture was invalid and that he was entitled to be heard on his claim. Both Rush and the United States moved for summary judgment. The motion of the United States was granted and judgment was entered in its favor.

The United States asserts that Rush presented his claim and the cost bond too late and, hence, may not now be heard.

■ Section 7325 provides in its subparagraph (1) for the appraisal of seized goods by disinterested citizens who reside in "the internal revenue district wherein the seizure was made." Subparagraph (2) requires the publication of a notice of seizure "in some newspaper of the district where the seizure was made" notifying claimants to appear and make claim within 30 days from the date of first publication of the notice. By subparagraph (3) a person claiming the property may file claim and cost bond "within the time specified in the notice." Thereupon the bond and a duplicate list or description of the property seized is transmitted "to the United States district attorney for the district, and such attorney shall proceed thereon in the ordinary manner prescribed by law."

Section 7323(a) states that "proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the United States district court for the district where such siezure is made."

■ The published notice required the claim to be filed on or before April 25, 1957. The declaration of forfeiture was made on April 25, 1957. The claim and cost bond were presented on June 4, 1957.

The difficulty with the government position is that the publication does not conform to the statute as it was not made within the judicial district wherein the seizure occurred. Oklahoma is divided into three judicial districts known as the Northern, Eastern and Western Districts. Pushmataha County, the place of seizure, is in the Eastern District.[2] The notice was published in the Tulsa World, a newspaper printed in Tulsa County, Oklahoma. Tulsa County is in the Northern District of Oklahoma.[3]

While § 7325(2) requires publication in "the district where the seizure was made" and does not define "district," the reference is clearly to "judicial district," rather than to "internal revenue district." Section 7325(1) referring to appraisal specifies "internal revenue district." If Congress had intended the word "district" as used in §§ 7323(a), 7325(2) and 7325(3) to mean "internal revenue district," it would have used the modifying phrase as it did in § 7325(1).

Internal revenue districts and judicial districts do not coincide.[4] To say that "district" as used in § 7325(2) and (3) means "internal revenue district" would result in confusion and uncertainty in those districts, such as Oklahoma, wherein an "internal revenue district" encompasses more than one "judicial district."

■ We conclude that § 7325(2) requires publication in the judicial district where the seizure was made. This was not done and the claimant was not foreclosed by his failure to file claim and bond within the time fixed by the ineffective notice. As the statutory notice was not given, the declaration of forfeiture was void.

■ One other matter must be mentioned. The notice required claim and bond to be filed on or before April 25,

---

1. See 40 U.S.C. § 304(h).

2. 28 U.S.C. § 116(b).

3. 28 U.S.C. § 116(a).

4. Cf. 28 U.S.C. §§ 81–131 and 21 Fed.Reg. pp. 10418–10419.

1957. The statute [5] says that the claim must be made within 30 days from the date of the first publication of the notice. First publication occurred on March 26, 1957. With inordinate haste the declaration of forfeiture was made on April 25, 1957. This did not comply with the notice and did not comply with the statute as we construe it. There appears to be no provision of the 1954 Internal Revenue Code relating to the computation of time in such matters. Under Rule 6(a) of the Federal Rules of Civil Procedure, the day of the event after which the designated period of time begins to run is not included and the last day is included. This is the general rule for computation of time.[6] Such rule should apply here. The order was premature unless both the day of the event and the last day are included. We know of no federal decision that sanctions the inclusion of both days in a situation such as this. As the order was entered one day too soon, it is void.

The United States argues that the District Court for the Eastern District is without jurisdiction because the administrative action was taken by the supervisor in charge of the Alcohol and Tobacco Tax Division whose office is in Oklahoma City, which is in the Western District,[7] and because the automobile was taken to Dallas, Texas, for use there by the Alcohol and Tobacco Tax Division. The contention is that since neither the supervisor nor the car is within the Eastern District of Oklahoma, the court for that district has no compulsory power over either.

28 U.S.C. § 2463 provides that "All property taken or detained under any revenue law of the United States * * * shall be * * * subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." This car was "taken" in the Eastern District of Oklahoma.

The jurisdiction of the United States District Court for that district attached at the time of seizure. It could not be ousted from that jurisdiction by action of the federal officers subsequent to the taking. The claimant is entitled to have proceedings to enforce the forfeiture maintained in the Eastern District of Oklahoma. That is all he asks.

Forfeitures are not favored. They should be enforced only when within both the letter and the spirit of the law.[8] Here there was compliance with neither the letter nor the spirit of the law.

The judgment is reversed with directions that appropriate proceedings be taken in the Eastern District of Oklahoma for the disposition of the seized automobile.

5. § 7325(2).

6. Fogel v. Commissioner of Internal Revenue, 5 Cir., 203 F.2d 347, 349.

7. 28 U.S.C. § 116(c).

8. United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249.