498 F.2d 968
 Arthur T. BRAMBLE, Plaintiff-Appellant,
v.
Elliott RICHARDSON, Attorney General of the United States of
America (formerlyRichard Kleindienst), and John E.
Ingersoll, Director of the Bureau ofNarcotics and Dangerous
Drugs, an Agency of the Department of Justice of theUnited
States ofAmerica, Defendants-Appellees.
 No. 73-1500.
 United States Court of Appeals, Tenth Circuit.
 Argued Oct. 15, 1973.
Decided June 17, 1974.
 
 John H. Bisbee, Bisbee, Geil & Kezer, Boulder, Colo., for appellant.
 Pepe J. Mendez, Asst. U.S. Atty., Denver, Colo. (James L. Treece, U.S. Atty., Denver, Colo., with him on the brief), for appellees.
 Before LEWIS, Chief Judge, and JONES* and McWILLIAMS, Circuit judges.
 LEWIS, Chief Judge.
 
 
 1
 On April 6, 1972 Arthur T. Bramble was arrested by Colorado law enforcement officials and was charged pursuant to the narcotics laws of the state of Colorado with possessing for sale a quantity of marijuana. On the date of the arrest agents of the Bureau of Narcotics and Dangerous Drugs seized Bramble's car, a 1969 Volkswagen, on grounds that it had been used in violation of 21 U.S.C. 881.[1]
 
 
 2
 The District Attorney for the Twentieth Judicial District for the State of Colorado deferred Bramble's state prosecution for a period of one year running to August 17, 1973. Bramble has successfully completed the one-year probationary period and the charges against him have been dismissed. No federal charges arising out of the events of April 6, 1972 were ever instituted.
 
 
 3
 21 U.S.C. 881(d) provides that forfeiture proceedings are to be governed by the provisions for seizure, summary and judicial forfeiture, and condemnation of property which apply for violations of the customs laws. 19 U.S.C. 1608 and 1609 of those customs laws require that a person claiming a seized vehicle which is evaluated at less than $2500 must file a claim to the property and post a penal bond of $250 within 20 days after the government has posted its notice of intention to forfeit. Failure to do so will result in the summary forfeiture of the vehicle to the government.
 
 
 4
 If the claim is filed and the bond posted within the required time, the claim is then transmitted to the United States attorney for the district in which seizure was made for the institution of judicial forfeiture proceedings. If the value of the vehicle exceeds $2500 no summary forfeiture is permitted and the United States attorney must initiate judicial proceedings. 19 U.S.C. 1610. At such forfeiture proceedings the burden of proof falls upon the claimant to the vehicle provided the government first establishes probable cause for the institution of the action. 19 U.S.C. 1615.
 
 
 5
 Bramble's Volkswagen, valued at less than $2500, was summarily forfeited when Bramble failed to file the requisite claim or post the $250 bond within the 20-day time period. He did petition the Director of the Bureau of Narcotics and Dangerous Drugs for remission or mitigation of th forfeiture but that petition was denied as was a subsequent petition for reconsideration.
 
 
 6
 Bramble then filed a complaint in the United States District Court for the District of Colorado seeking a declaratory judgment that the forfeiture statute was unconstitutional on its face and seeking injunctive relief against its enforcement. A three-judge court was convened and subsequently dissolved after it concluded that the forfeiture statute was constitutional and that Bramble's complaint failed to raise a substantial federal question. It was ordered that the case be presented to a single district judge. Bramble v. Kleindienst, D.C.Colo., 357 F.Supp. 1025.
 
 
 7
 The case was subsequently submitted to a single district judge as an action for declaratory judgment, temporary injunction, permnent injunction and damages. Numerous jurisdictional bases were alleged, the court below noting jurisdiction under 28 U.S.C. 1346(a)(2), which permits civil actions against the United States in amounts not exceeding $10,000 when the cause of action is founded either upon the constitution or an act of Congress. The court first held that the denial of Bramble's petition for mitigation was an unreviewable action lying exclusively within administrative discretion. It then dismissed Bramble's complaint after concluding that the challenged forfeiture statute was constitutional and that dismissal was an appropriate sanction for Bramble's refusal to answer certain questions posed to him during deposition. The court reasoned that Bramble could not, as plaintiff in a civil suit, use his fifth amendment right against self-incrimination as both a 'sword and a shield.' Bramble v. Kleindienst, D.C.Colo., 357 F.Supp. 1028. Bramble now appeals, challenging both the dissolution of the three-judge panel and the dismissal of his complaint by the single district judge below.
 
 
 8
 Whether our consideration here is seen as a review of the three-judge dissolution or the dismissal of the complaint before the single district judge, it is clear that the success of this appeal must be measured by the constitutionality of the statutory scheme under which Bramble's car was forfeited. Bramble makes a sweeping attack on this scheme, but the essence of his argument is that the forfeiture proceeding is in reality a criminal action and that to take his car without establishing beyond a reasonable doubt that a criminal violation has occurred violates the due process clause of the fifth amendment.[2] In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. He argues that the recent Supreme Court decision in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, challenges the long-established rule that forfeiture proceedings are essentially civil, rather than criminal, actions.
 
 
 9
 The peculiar nature of forfeiture statutes in general has given rise to numerous constitutional attacks. Claimants whose property has been subject to forfeiture have consistently argued that forfeiture actions are essentially criminal and must be governed by all of the rules which adhere to criminal prosecutinos. This argument has enjoyed only qualified success.
 
 
 10
 In Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, the Supreme Court faced the question of whether the compulsory production of a man's private papers for evidentiary use against him in a proceeding to forfeit his property for alleged fraud against the revenue laws constituted an unreasonable search and seizure within the meaning of the fourth amendment. The procedure was also attacked on the grounds that it violated the fifth amendment right against self-incrimination. The Court, in ruling for the claimant, stated:
 
 
 11
 As therefore, suits for penalties and forfeitures, incurred by the commission of offenses against the law, are of this quasi-criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the Fourth Amendment of the Constitution, and of that portion of the Fifth Amendment which declares that no person shall be compelled in any criminal case to be a witness against himself . . .. Boyd, supra, at 634.
 
 
 12
 In Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, the forfeiture claimant was again successful when the Court held that an acquittal on a criminal information was a good plea in bar to a civil information for the forfeiture of goods arising upon the same acts. The Coffey holding has subsequently been distinguished nearly to extinction. The Supreme Court held in a recent decision that a forfeiture proceeding is not barred by an acquittal in a criminal case in which the government was bound to establish the element of criminal intent if the forfeiture proceeding does not impose a similar burden on the government. 'Moreover, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel.' One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438.
 
 
 13
 The erosion of the Coffey rule symbolizes the success which forfeiture statutes have generally enjoyed and the liberal construction they have received. Various forfeiture proceedings have been consistently upheld, even under the most seemingly inequitable circumstances. Thus, in United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, an automobile was forfeited because it was being used to defraud the United States of the tax on distilled spirits in violation of Rev.Statutes 3450. The owner of the car, innocent of any criminal wrongdoing himself, was nevertheless deprived of his property because 'under 3450 the vehicle is the offender and must be forfeited if there is a guilty intent on the part of him who used it . . ..' 272 U.S. at 332. This decision characterizes the fiction that forfeiture proceedings are in rem actions against offending inanimate objects.
 
 
 14
 Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, attempted to establish a definitive guideline for making the civil-criminal distinction in civil penalty and forfeiture proceedings. The issue there was whether the assessment of a tax deficiency under the Revenue Act of 1928 for fraud with intent to evade a tax was barred by the acquittal of the defendant on an indictment under the same act for a willful attempt to evade and defeat the tax. In response to the argument that institution of the forfeiture action subjected the defendant to double jeopardy, the Court stated:
 
 
 15
 Congress may impose both a criminal and civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether 293(b) imposes a criminal sanction. That question is one of statutory construction. 303 U.S. at 399.
 
 
 16
 The Helvering Court proceeded to characterize the civil-criminal problem as one of determining whether the sanction imposed is remedial or punitive and concluded that the tax deficiency assessment was essentially remedial. The double jeopardy argument was therefore deemed inapplicable.
 
 
 17
 Unfortunately, an analysis of the cases both antedating and succeeding Helvering convinces us that the civil-criminal distinction, whether characterized as remedial-penal or otherwise, is indeed an elusive one. We are convinced that the type of forfeiture statute or penalty involved is not the determinative factor and are inclined to agree with the reasoning of Mr. Justice Brandeis, expressed in a footnote in his Helvering opinion:
 
 
 18
 The distinction here taken between sanctions that are remedial and those that are punitive has not generally been specifically enunciated. In determining whether particular rules of criminal procedure are applicable to civil actions to enforce sanctions, the cases have usually attempted to distinguish between the type of procedural rule involved rather than the sanction being enforced. 303 U.S. at 400, n. 3.
 
 
 19
 The case law offers solid support for this proposition. In United States v. Regan, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494, a $1000 penalty imposed for violation of the immigration laws was characterized a civil suit in debt and it was held that the government did not need to prove its case beyond a reasonable doubt. So also in Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, a monetary penalty imposed for violationof the immigration laws was deemed a civil action in which the rules of civil procedure applied generally and the government was held to be entitled to a directed verdict.
 
 
 20
 On the other hand, the Court has approached the issue differently when dealing with cases where certain fundamental fourth and fifth amendment rights have been at stake. Boyd v. United States, supra, concerned the right against self-incrimination and the right against unreasonable searches and seizures. The Court took pains to make this distinction clear when it narrowly held that the proceeding was criminal 'for all the purposes of the Fourth Amendment of the Constitution, and of that portion of the Fifth Amendment which declares that no person shall be compelled in any criminal case to be a witness against himself . . ..' 116 U.S. at 634.
 
 
 21
 In One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170, the issue was whether evidence illegally seized in violation of the fourth amendment could be used in a state forfeiture proceeding. The Court, in ruling that the evidence was inadmissible, again demonstrated its willingness to stress the criminal aspect of a forfeiture proceeding where a vital fourth amendment right was at stake. 'Finally, as Mr. Justice Bradley aptly pointed out in Boyd, a forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law.' 380 U.S. at 700.
 
 
 22
 When viewed in light of Mr. Justice Brandeis' rationale it is apparent that United States Coin & Currencey marks no real departure from previously-settled law. That case concerned the validity of a forfeiture action conducted pursuant to a federal statute which provided that it was unlawful to possess any property intended for use in violating the internal revenue laws. The relevant revenue law was one which required individuals to register as gamblers and pay related gambling taxes, and the Court had already precluded the criminal conviction of gamblers who properly assert their privilege against self-incrimination as a ground for noncompliance with these aspects of the tax law in Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889. In holding that the forfeiture proceeding was invalid the Court was essentially stating only that the civil penalty could not be imposed in a manner inconsistent with the fifth amendment right against self-incrimination.
 
 
 23
 We therefore do not read United States Coin & Currency as signaling an end to the characterization of forfeiture actions as essentially civil proceedings. We recognize that the statutory scheme in this case is analogous to that under consideration in United States Coin & Currency, for both permit an innocent owner to recover the seized property upon establishing under 19 U.S.C. 1618 that 'the forfeiture was incurred without willful-negligence or without any intention on the part of the petitioner . . . to violate the law . . ..' But Mr. Justice Harlan's point that such forfeiture statutes when viewed in their entirety are thus 'intended to impose a penalty only upon those who are significantly involved in a criminal enterprise,' 401 U.S. at 721-722, is not a new one. In United States v. Regan, supra, the Court, in facing the precise issue presented here by Bramble, clearly acknowledged that the $1000 penalty in question was a sanction imposed purely for the commission of a public offense. Yet the Court concluded that the action was civil and that the reasonable doubt standard did not apply.
 
 
 24
 What Coffey, Boyd, One Plymouth Sedan, and United States Coin & Currency do indicate is that the civil nature of forfeiture proceedings will not be permitted to provide an avenue through which the fundamental rights of protection against unreasonable searches and seizures and self-incrimination can be frustrated. A close reading of those cases simply does not justify the inference that they were intended to transform forfeiture proceedings into criminal actions for all procedural purposes. The absence of the reasonable doubt standard in the challenged forfeiture process does not result in a denial of due process.
 
 
 25
 Although not argued to us specifically, we have entertained doubt as to the potential impact that Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, might have upon the basic constitutionality of the summary seizure and forfeiture procedures which we have consider. This aspect of the case would appear to be dissolved by the decision of the Supreme Court in Calero-Toledo v. Pearson Yacht Leasing Co., U.S. , 94 S.Ct. 2080, 40 L.Ed.2d 452, 1974, in which the limitations of Fuentes exclude any compulsion of relief to Bramble.
 
 
 26
 We have carefully considered Bramble's remaining constitutional contentions and find them to be without merit.
 
 
 27
 Affirmed.
 
 
 
 *
 Of the Fifth Circuit, sitting by designation
 
 
 [1]
 21 U.S.C. 881-- Forfeitures-- Property subject
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (1) All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of this subchapter.
 (2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this subchapter.
 . . . .w m
 (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2) . . ..
 (b) Any property subject to forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued . . . except that seizure without such process may be made when--
 . . . .ope
 (4) the Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this subchapter.
 
 
 [2]
 It should be noted at this time that Bramble's conception of the forfeiture proceedings is not entirely accurate. He states in his brief that he did not file a claim or post a penal bond because to do so would have been a futile gesture in that his car would have been forfeited upon a government showing of probable cause. In fact, the burden merely shifts to the claimant once probable cause has been established. His rights are not foreclosed as Bramble's argument suggests. He merely must prove by a preponderance of the evidence that his car was not being used in violation of the drug laws. 19 U.S.C. 1615. For the purposes of this appeal, Bramble has conceded the existence of probable cause