**UNITED STATES of America, Plaintiff,**

**v.**

**ONE 1973 JAGUAR COUPE SERIAL NO. 1573953, Defendant.**

**No. 73 Civ. 5259.**

United States District Court, S. D. New York.

March 2, 1977.

Robert B. Fiske, U. S. Atty., New York City, by Paul H. Silverman, Yonkers, for plaintiff.

Gino E. Gallina by Eric Weiss, New York City, Joel A. Brenner, Bay Shore, for claimant.

OPINION

KEVIN THOMAS DUFFY, District Judge.

This is an action brought pursuant to 21 U.S.C. § 881 by the United States for forfeiture of a 1973 Jaguar Coupe bearing vehicle Serial Number 1573953 and New York registration number 9615FX. Jurisdiction is premised upon 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881. The registered owner of the vehicle has appeared by attorney and has opposed the forfeiture. A trial has been held and this opinion constitutes my finding of facts and conclusions of law. Rule 52, Fed.R.Civ.P.

On April 14, 1973 one Alphonse Sisca drove the silver Jaguar, which is the subject of this proceeding, to the home of Rosemarie De Esso, the claimant. Sisca parked the car in the driveway and was immediately arrested pursuant to a federal warrant by federal agents. The agents searched Sisca and found on his person a .25 calibre hand gun and a tin-foil package of white powder. In the rear of the Jaguar, they found a .22 caliber carbine rifle. The two weapons, the white powder, and the Jaguar were seized. According to the chemist who testified at trial, the powder has since been analyzed and found to be cocaine.

On March 18, 1975, before Judge Stewart of this Court, Sisca plead guilty to one count of a four-court indictment. Court Four to which Sisca pleaded charged the unlawful carrying of a firearm "during the commission of a felony."

Before discussing the legal arguments of the parties, one procedural point warrants mention. On the date of trial of this action, the attorney associated with the firm which represents the claimant sought an adjournment because the partner who was scheduled to try the case had been called out of town on important business. I denied the request for an adjournment, permitted the government to put on its case and continued the trial to another date with the

understanding that on the adjourned date the attorney could recall government witnesses and introduce whatever evidence he wished. On the adjourned date the partner indicated that he did not wish to introduce any evidence but sought leave to file a post trial brief which was granted. That brief has been filed. Since the filing of the brief, the attorney for the claimant has sought leave to reopen the record and permit Rosemarie De Esso and Alphonse Sisca to testify. By endorsement dated January 11, 1977, I denied that request on the grounds that claimant has already had more than ample opportunity to introduce proof, that the testimony which claimant sought to present had been known to claimant's attorneys all along since both of the proposed witnesses had been deposed, and that the attorney's summary of the proposed testimony was not supported by the depositions upon which he relied upon in support of the motion to reopen the trial.

Section 881 of title 21 provides for a forfeiture to the United States of "[a]ll conveyances including aircraft, vehicle, or vessels which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [a controlled substance] . . .." [1]

■ Claimant argues that the forfeiture provisions do not apply to mere possession of a minute amount of drugs. This proposition does not have support in the case law. *See Associates Investment Co. v. United States,* 220 F.2d 885 (5th Cir. 1955). Quite recently, the court of appeals for the circuit has recognized, at least in dictum, the continued validity of forfeitures for small quantities of contraband. *United States v. One 1974 Cadillac Eldorado,* 548 F.2d 421,

425 (1977) ("the transportation of any quantity of drugs however minute is . . . sufficient to merit the forfeiture of the vehicle . . .." ). Even the case relied upon by appellants acknowledge the basic correctness of this proposition. *United States v. One 1972 Datsun,* 378 F.Supp. 1200, 1202 (D.N.H.1974). I see no reason to depart from this rule merely upon the claimant's assertion that Sisca intended the cocaine for personal use.[2]

■ The claimant has also asserted that she is an "innocent" owner of the vehicle and should not be penalized through forfeiture, absent a showing that she had knowledge of Sisca's illegal activities. The law is not entirely clear on this point. In *United States v. United States Coin & Currency,* 401 U.S. 715, 722, 91 S.Ct. 1041, 1045, 28 L.Ed.2d 434 (1971) a suggestion was given that the government had to establish that the owner was "significantly involved in a criminal enterprise." However, in *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974) the Court sustained forfeiture of a lessor's interest in a yacht even though the lessor was unaware of the lessee's illegal use. The statute at issue in *Calero-Toledo* was a Puerto Rican law employing language identical to section 881 and the rationale of that case has since been applied to section 881 cases. *See United States v. One 1974 Cadillac Eldorado,* slip op. at 1414.[3]

■ It is also alleged that no forfeiture may be had because the "facilitation" requirement of 21 U.S.C. § 881 has not been met. I cannot agree. Sisca pleaded guilty to possession of a firearm while committing a felony. The underlying felony which was the basis of the firearm charge was a viola-

---

1. The statute provides a limited exception for common carriers and for conveyances which are unlawfully in the possession of a person other than the owner. 21 U.S.C. § 881(a)(4)(A) and (B).

2. The contention that the cocaine was intended for personal use is not supported by the facts. *See* pages 130–131 *infra.*

3. Calero-Toledo has left open the door for a possible affirmative defense where the claimant can demonstrate that it "did all that it reasonably could to avoid having its property put to an unlawful use." 416 U.S. at 690, 94 S.Ct. at 2095. *See United States v. One 1974 Cadillac Eldorado,* slip op. at 1414.

tion of 21 U.S.C. § 841(a)(1) which provides in part that

> "it shall be unlawful for any person to knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;"

It was made clear to Sisca at the time of his plea that the predicate felony was the possession of the cocaine. (Plea minutes at 8–10) When Sisca's admission is coupled with the uncontroverted fact that Sisca possessed the drugs while driving the Jaguar, the facilitation requirement is satisfied. All that the statute requires is that the "vehicle . . . [be] used . . . to transport, or in any manner to facilitate the transportation, . . . possession or concealment of [the contraband]."

Claimant's final contention is also without merit. She claims that because Sisca plead guilty to a firearm charge and not to a drug charge, the Jaguar may not be forfeited. Even if Sisca had been acquitted of all charges and had never entered a guilty plea, the government would not be foreclosed from bringing this action since forfeiture is civil in nature and carries a different burden of proof. *See One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). But, as previously mentioned, Sisca has admitted the possession of the cocaine and has plead guilty to an offense which required such an admission. Thus, claimant's argument has neither a basis in law nor in fact.

Settle judgment for plaintiff on seven days' notice.