**UNITED STATES of America, Plaintiff-Appellee,**

v.

**ONE (1) 1975 THUNDERBIRD 2–DOOR HARDTOP WHITE IN COLOR WITH BURNT ORANGE VINYL LANDAU TOP, SERIAL NUMBER 5J87A127636, UTAH LICENSE CBE 492, Defendant-Appellant.**

**No. 76–2140.**

United States Court of Appeals, Tenth Circuit.

Argued April 17, 1978.

Decided May 8, 1978.

Phil L. Hansen, Salt Lake City, Utah, for defendant-appellant.

Steven W. Snarr, Asst. U. S. Atty., Ramon M. Child, U. S. Atty., for Utah, Salt Lake City, Utah, on brief, for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY and McKAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This is an appeal from a judgment ordering the forfeiture of a 1975 Thunderbird automobile belonging to claimant Williams Francis Quarry. The forfeiture was ordered under the provisions of 18 U.S.C. § 1955(d)[1] after the trial court concluded that the property had been used in violation of § 1955 which prohibits conducting, financing, managing, etc., of an illegal gambling business, as therein defined.[2]

This case is related to *United States v. Quarry et al.*, No. 77–1175, et seq. 576 F.2d 830 (10th Cir. filed), in which we reverse judgments of acquittal and direct reinstatement of guilty verdicts against claimant Quarry and his three co-defendants in a criminal prosecution under § 1955. In this forfeiture proceeding, the government's evidence tended to show that Quarry and several others were engaged in the operation of a gambling scheme involving the distribution of football betting cards. Additional facts regarding the gambling operation are set out in our opinion in the criminal case and need not be repeated here.

In this case, claimant raises three issues: (1) whether the acquittal of the vehicle's owner in a subsequent criminal prosecution requires reversal of the order of forfeiture; (2) whether the order was supported by the evidence where the government failed to introduce into evidence the applicable Utah gambling statutes; and (3) whether the proof showed that the automobile was sufficiently "used" in an illegal gambling business so as to warrant the forfeiture.

---

1. The forfeiture provisions appearing in § 1955(d), read in part as follows: "(d) Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States."

2. § 1955(b) provides:
"(b) As used in this section—
(1) 'illegal gambling business' means a gambling business which—
(i) is a violation of the law of a State or political subdivision in which it is conducted;
(ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
(iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day.
(2) 'gambling' includes but is not limited to pool-selling, bookmaking, maintaining slot machines, roulette wheels or dice tables, and conducting lotteries, policy, bolita or numbers games, or selling chances therein.
(3) 'State' means any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States."

In view of our disposition in the related criminal cases, the first issue is moot. The second proposition regarding the introduction of the state statute into evidence has no merit. The trial judge clearly had a right to take judicial notice of the state statutes. *Owings v. Hull*, 34 U.S. (9 Pet.) 607, 9 L.Ed. 246 (1835). The trial judge's order made specific reference to the Utah statutes, finding that the use of the football betting cards violated §§ 76–10–1101 and 76–10–1102 of the Utah Code Annotated (1953).

The only proposition requiring some discussion is the sufficiency of the government's proof as to the use of the vehicle in violation of § 1955. In this regard, the record shows that on four occasions in 1975 FBI agents observed Quarry distributing packages which allegedly contained betting cards from the trunk of the Thunderbird to participants in the gambling operation and others. The packages were wrapped in brown paper and were about the size of football betting cards introduced into evidence. After obtaining a search warrant, federal agents searched the car on January 2, 1977 and found a package of football cards wrapped in brown paper.

One witness also testified that Quarry, while sitting in the Thunderbird, handed him football betting cards and $20.00 which the witness had won the previous weekend. Evidence at the forfeiture proceeding showed that more than five persons, including Quarry, were involved in the conduct of the gambling scheme.

From the evidence, direct and circumstantial, the trial court found that the Thunderbird was used to "assist the weekly distribution" of brown wrapped packages to runners and drop sites and that these packages were shown by circumstantial evidence to be football betting cards. The court concluded that the car was property "used in violation of Section 1955."

The forfeiture remedy is harsh and we agree that the proof of the element of use of the property in violation of the statute should be clear before a forfeiture is ordered. We feel that the government has met this burden in these proceedings, which are civil in nature insofar as the standard of proof on the element of use is concerned. *See Bramble v. Richardson*, 498 F.2d 968, 973 (10th Cir. 1974); *cf. One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 235, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972).

Claimant relies on the decisions in *Platt v. United States*, 163 F.2d 165 (10th Cir. 1947); *Simpson v. United States*, 272 F.2d 229 (9th Cir. 1959); and *United States v. One 1972 Datsun*, 378 F.Supp. 1200 (D.N.H. 1974). Those cases, however, did not involve the use of the seized vehicle to transport items used in the unlawful venture.[3] Here the evidence plainly showed a more substantial nexus between the vehicle and the operation and management of the illegal gambling business, including transportation of paraphernalia of the business. *See United States v. One 1962 Cadillac*, 397 F.2d 796 (3rd Cir. 1968); *United States v. Bride*, 308 F.2d 470, 473 (9th Cir. 1962); and *Interbartolo v. United States*, 303 F.2d 34 (1st Cir. 1962) (forfeitures of automobiles "used" in violation of the Internal Revenue Code under similar forfeiture provisions in 26 U.S.C. § 7302).

In sum, we conclude that forfeiture order was fully supported by evidence that the car was substantially used in violation of § 1955. Accordingly, the judgment of the trial court is

AFFIRMED.

---

**3.** The Government argues that this case is controlled by our decision in *United States v. One 1950 Chevrolet*, 215 F.2d 482 (10th Cir. 1954). In that case, we ordered a forfeiture, pursuant to 49 U.S.C. §§ 781 and 782, on evidence show-ing that the car was used to transport marihuana. However, §§ 781 and 782 specifically authorize forfeiture of a vehicle used to transport contraband.