**UNITED STATES of America, Plaintiff,**

**v.**

**1978 CADILLAC EL DORADO 2–DOOR COUPE, RED IN COLOR WITH WHITE VINYL TOP, MOTOR NO. 6L4758Q134633, UTAH LICENSE NO. VHK388, Defendant.**

No. C–79–0254.

United States District Court, D. Utah, C. D.

March 12, 1980.

Wallace Boyack, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff.

John C. Green, III, Cotro-Manes, Warr, Fankhauser & Green, Salt Lake City, Utah, for defendant.

JENKINS, District Judge.

Plaintiff, United States of America, seeks an order of forfeiture against defendant, a 1978 Red Cadillac automobile which it caused to be arrested.

Having received notice of the pending libel, Howard Mathie, the acknowledged owner of the automobile, intervened in the action and laid claim to the automobile and raised issues disputing the right of plaintiff to forfeit the same. Jurisdiction under 28 U.S.C. § 1345 is conceded to be proper. Evidence was heard. Briefs have now been filed. The case is ripe for decision.

Mathie was engaged in the business of accepting wagers. He registered with the I.R.S.[1] and paid his occupation tax of $500.[2]

---

1. 26 U.S.C. § 4412. Registration. (a) Requirement.—Each person required to pay a special tax under this subchapter shall register with the official in charge of the internal revenue district—

2. See note 2 on p. 534.

His registration was extant and his tax stamp in force during the time of his conduct that is complained of. He was charged with four counts of willfully attempting to evade the tax due on wagers accepted and failing to file a return reporting the same and to pay the tax due. [26 U.S.C. § 7201]. He was charged with one count of unlawfully using wire facilities to transmit betting information. Subsequently he entered pleas to 3 counts of a misdemeanor information charging willful failure to file a monthly excise tax return (Form 730), was fined $5,000 on each count for a total of $15,000, and sentenced to concurrent sentences of 1 year on 2 counts, with sentence imposition suspended on count three and five years probation imposed. The felony indictment was dismissed.

The United States claims that, pursuant to § 7203, he was required to file a tax return, that he didn't file a return on time and thus his automobile should be forfeited. As part of the pleading filed in this case the Government further alleged

From at least November 30, 1978, to and including January 21, 1979, defendant vehicle was unlawfully used by the owner. Howard Layne Mathie, to facilitate the transportation and delivery of materials and paraphernalia being used by Mr. Mathie in his illegal wagering business, and which vehicle was used to further his illegal wagering business, which contravened the provisions of 26 U.S.C. §§ 7201 and 7203 within the Central Division of the District of Utah.

(1) his name and place of residence;
(2) if he is liable for tax under subchapter A, each place of business where the activity which makes him so liable is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf, and
(3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A, the name and place of residence of each such person.

2. 26 U.S.C. § 4411. Imposition of tax. There shall be imposed a special tax of $500 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable.

3. 19 U.S.C. § 1615.

This proceeding is civil in nature. Contrary to the assertion of Mathie the burden of proof on the Government is CIVIL and not the criminal burden of proof of "beyond a reasonable doubt." It appears that at the least the Government must show probable cause for forfeiture at which time the burden may shift and claimant must then demonstrate a superior right to the property in dispute.[3]

This is not a contraband case,[4] a narcotics case,[5] a customs case,[6] an organized crime case,[7] nor a case where one engaged in the business of accepting wagers has not paid an occupational tax[8] or has not registered.[9]

This is a case where the offense upon which the U. S. relies to justify forfeiture is 7203 which provides as follows:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, *who willfully fails to pay* such estimated tax or tax, *make such return*, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution. (emphasis added.)

4. *U. S. v. 20 "Dealer's Choice" Machines*, 483 F.2d 474 (4th Cir. 1973).

5. *U. S. v. One 1970 Pontiac GTO*, 529 F.2d 65 (9th Cir. 1976); *Bramble v. Richardson*, 498 F.2d 968 (10th Cir. 1974).

6. *General Motors Acceptance Corp. v. U. S.*, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971 (1932).

7. *U. S. v. One 1975 Thunderbird*, 576 F.2d 834 (10th Cir. 1978).

8. *Nocita v. U. S.*, 258 F.2d 199 (9th Cir. 1958).

9. *Interbartolo v. U. S.*, 303 F.2d 34 (1st Cir. 1962).

This and this alone is the "offense" on which the United States relies.

■ In short, the question presented for determination is: where a bookie runs a one-man business and has purchased his 4411 stamp, has registered under 4412, and uses his automobile in serving his clientele, is the automobile so used subject to forfeiture under 7302 because the monthly report required under 7203 has not been filed and the tax owed has not been paid?

The violation complained of isn't conducting the wagering business. The violation complained of is "failing to make a return . . . at the time required by law."

One must remember that the special occupation tax, even if paid, and the registration, even if made, does not immunize the bookie business from the reach of local laws, including local forfeiture laws. The locals may arrest and prosecute those who violate local laws whether or not they are registered and stamped with the Federal Government.[10]

Registration and stamp purchase however *do* immunize the bookie from *federal* reach of that activity until he arrives at a size the Congress considers worth noticing because of the impact on commerce. The evil called "organized crime", dependent on size and revenue, is proscribed.[11] "Crime" of a less massive scale is left to the locals.

In short, the condemned conduct (running a one-man bookie business on a local level) —when stamped and registered—oddly enough appears to be not a violation of federal law.

■ As far as federal law is concerned, if the income generating activity is not proscribed by federal law—and it is not so long as one registers and pays the special occupation tax—then a car used in that activity is not subject to forfeiture by the United States.

Thus, most of the evidence in this civil case that the car was used in calling on eager bettors, which it was, is simply irrelevant.

What the U. S. suggests is that legal activity is rendered not legal from the beginning by the proprietor failing to periodically report and file a tax return and to pay a tax.

That is a different and discrete offense. The car has nothing to do with the offense of not filing and not paying.

■ I have no problem with the ancient and time honored practice of forfeiture when property—a vehicle—is used to haul contraband, narcotics, goods in violation of the customs laws, as part of an "organized" crime business, or used by a bookie in his business when he has not registered and paid his special occupation tax. The cases are legion which authorize such forfeiture. Social policy is well served. Although harsh, forfeiture is useful as a governmental weapon to assure compliance with required standards of conduct.

■ But, if a banker, a merchant, a lawyer, a prosecutor, misses filing a periodic return and misses paying a tax based on gross receipts on time, does such dereliction illegalize their business from the beginning and subject property used therein to arrest and forfeiture? I think not.

If a registered and stamped bookie does the very same thing, why should his property be treated any differently?

■ One must bear again in mind what this case is not. Historically, forfeiture is used against an offending object—used in an offending activity. There is great hypocrisy in selling a bookie an occupation stamp, taking his money and his registration and then suggesting that his activity was bad from the beginning and his property should be forfeited because he didn't promptly file a return of wagers received and promptly pay a tax thereon.

In this very narrow area, I can't believe that is what Congress intended.

The Government's case fails as a matter of law.

---

**10.** 26 U.S.C. § 4422.

**11.** 18 U.S.C. § 1955.

The warrant of arrest is vacated. The case is dismissed.