**UNITED STATES of America, Plaintiff,**

v.

**ONE 1977 CHEVROLET PICKUP, VIN # CKL147J107642, ITS TOOLS AND APPURTENANCES, Respondent,**

**Harry H. McMichael, Claimant.**

**Civ. A. No. 80–A–783.**

United States District Court, D. Colorado.

Nov. 18, 1980.

---

Carole C. Dominguin, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Harry H. McMichael, pro se.

## MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

This is an action pursuant to 21 U.S.C. § 881 by the United States of America for forfeiture of one 1977 Chevrolet Pickup. Jurisdiction is based on 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881. The owner of the vehicle has appeared pro se and has opposed the forfeiture. A bench trial was held and this memorandum constitutes my findings of fact and conclusions of law in compliance with Rule 52 of the Federal Rules of Civil Procedure. The fair value of the vehicle is alleged to be $3,375. The registered owner of the vehicle is Harry H. McMichael, 7329 E. Eastman Ave., Denver, Colorado; he also is the claimant and has posted a bond in the amount of $250 herein.

On March 24, 1980, one Pamela Nelson used the subject vehicle to transport a crate weighing approximately 172 pounds from Stapleton International Airport, Denver, Colorado, to claimant's residence, 7329 E. Eastman Avenue. At that time and for some months prior thereto, Ms. Nelson was living with claimant at the above residence.

On or about March 20, 1980, the Drug Enforcement Administration (DEA) received information regarding a package or crate which was coming into Denver from Los Angeles, California; the shipment had originated in Quito, Ecquador. It weighed approximately 172 pounds and arrived in Denver via United Airlines. Agents of the DEA had obtained a search warrant to seize and search the crate; after taking custody of it, the crate was taken to the DEA offices in downtown Denver. The crate was dismantled by DEA agents and in some of the 2 × 4 pieces of lumber used as a frame for the crate (and which had been hollowed out) the agents found plastic cylinders containing a total of nine pounds, one ounce of a white powder substance. The substance was field tested and found to be cocaine. The agents substituted nine pounds of flour for an equivalent amount of

the white powder substance and also placed the one ounce of the white powder substance back into the crate. The crate was then reconstructed and on March 24 was taken back to the United Airlines terminal and put in the normal flow of traffic. Shortly after noon on March 24, Pamela Nelson arrived in the subject vehicle, called for the crate, and had it put in the back of the truck.

The vehicle was followed by a surveillance team to 9450 E. Jewell Avenue, Denver, Colorado, where claimant McMichael maintains his offices. Ms. Nelson went into the offices and shortly thereafter she and claimant came out and looked in the back of the truck. Ms. Nelson then drove the vehicle with claimant following in his Mercedes, to the apartment residence at 7329 E. Eastman Avenue. The truck and the Mercedes were parked near the apartment residence and both parties went in. A short time thereafter McMichael, Nelson and a small child came out of the apartment and entered the Mercedes. The child was delivered to the home of a babysitter on South Grant Street in Denver and the adults returned to the Tamarac Square area where McMichael bought a saber saw, some Scotch liquor and beer. In the meantime, Nelson had made a phone call from a public telephone. They then returned to the apartment residence. At about 6:45 p.m. McMichael and Nelson took the crate from the truck and attempted to carry it to the apartment residence which was on the third floor of the building. At this point two DEA agents came up to the parties and asked if they needed help and assisted in taking the crate up two flights to McMichael's apartment. When asked by one of the agents what was in the box, McMichael responded, "Dishes." The agents then left the apartment; McMichael and Nelson hung a sheet over the sliding glass door in the living room–ostensibly to preserve their privacy. In the meantime the agents went to the magistrate's office in the United States Courthouse and obtained a search warrant for the apartment; they returned to the apartment and executed the warrant. After the search the agents took the box and contents back to the DEA offices, dismantled the box and removed the one ounce of cocaine which was still therein. McMichael and Nelson were placed under arrest. During the search DEA agents saw the saber saw, a claw hammer and screw driver in the apartment. During the surveillance some of the agents had heard sounds emanating from the apartment which indicated that the box was being opened. Upon entry into the apartment the agents found that the box had in fact been opened and among other things contained several ceramic objects and considerable styrofoam packing.

McMichael and Nelson were separately charged with knowingly and intentionally possessing with intent to distribute a controlled substance, to wit, cocaine, a Schedule II narcotic in violation of Title 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. McMichael was tried on May 21–May 23, 1980, and acquitted. Nelson has not yet been tried.

Claimant contends that (1) he had no knowledge that a controlled substance was in the crate carried by his vehicle and (2) that he was acquitted on trial of the charge of knowing possession of the controlled substance; therefore, the vehicle should be returned to him. Courts have little, if any, discretion in forfeiture cases. *United States v. One 1976 Buick Skylark, etc.*, 453 F.Supp. 639 (Colo.1978); *United States v. One 1973 Dodge Van*, 416 F.Supp. 43 (E.D. Mich.1976). Whatever discretion there is in these matters is committed to the executive branch of the government, not to the judiciary. *See, e. g., United States v. One 1970 Buick Riviera*, 463 F.2d 1168, 1170 (5th Cir. 1972) and cases cited therein.

 The government bears the initial burden of showing probable cause for the institution of the forfeiture action, and it is claimant's burden to prove that forfeiture does not fall properly within 21 U.S.C. § 881. *United States v. One 1976 Buick Skylark, supra; United States v. One 1973 Pontiac*, 413 F.Supp. 163 (W.D.Tex.1976) and *United States v. One 1975 Lincoln Continental*, 72 F.R.D. 535 (S.D.N.Y.1976). The

government agents knew that there was one ounce of cocaine in the crate when it was transported in the subject vehicle from Stapleton Airport to defendant's residence. Application of forfeiture provisions is not dependent on the quantity of the controlled narcotic substance found. *United States v. One 1973 Jaguar Coupe*, 431 F.Supp. 128 (S.D.N.Y.1977). As previously noted, the agents had dismantled the crate and found nine pounds, one ounce of a suspected controlled substance therein. Prior to its being transported in claimant's vehicle, flour was substituted for the nine pounds; the substance was later analyzed and found to be cocaine. Thus, probable cause was clearly established.

■ Claimant McMichael has failed to show that the forfeiture here does not fall properly within 21 U.S.C. § 881. The evidence establishes that Nelson had claimant's permission to use the vehicle. They were roommates; during the movement of the vehicle from the airport to the residence, Nelson stopped at claimant's office, talked with him and he then followed her to the residence in his other vehicle. He helped carry the crate into the apartment and assisted in opening and unpacking it. At all pertinent times Nelson had lawful possession of the vehicle with McMichael's consent.

■ The fact that McMichael was acquitted of narcotic charges arising out of the same events on which this forfeiture proceeding is based does not preclude the government from seizing and seeking forfeiture of the vehicle allegedly used to transport the contraband. *United States v. One 1977 Lincoln Mark V*, 453 F.Supp. 1388 (S.D.N.Y.1978). *See also One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) which dealt with another forfeiture statute. In *United States v. One 1972 Toyota Mark II*, 505 F.2d 1162, at 1165 (8th Cir. 1974) the court said

> The innocence, non–involvement, or lack of negligence of the owner in allowing the vehicle to be used for the forfeitable offense is no defense to the forfeiture action. (citations omitted)

Although, in some instances, the government's action in seeking forfeiture may seem harsh, as previously noted, "courts have little, if any, discretion in forfeiture cases." The courts are bound when Congress, in the proper and prudent exercise of its authority, has spoken. *United States v. One 1973 Dodge Van, etc., supra*, citing *U. S. v. One Buick Sedan*, 231 F.2d 219, 223 (3rd Cir. 1956).

In accordance with the foregoing, the Clerk is directed to prepare an appropriate order declaring that the vehicle, One 1977 Chevrolet Pickup, VIN # CKL147J107642, its tools and appurtenances, has been forfeited to the United States of America. The costs will be borne by the Plaintiff.