**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**$3,799.00 IN UNITED STATES
CURRENCY, Defendant,**

**Thomas Fred Ward, Claimant-Appellant.**

**No. 80–2337.**

United States Court of Appeals,
Tenth Circuit.

July 27, 1982.

Rehearing Denied Oct. 6, 1982.

---

David W. Lee, Asst. U. S. Atty., Oklahoma City, Okl. (Larry Patton, U. S. Atty., Oklahoma City, Okl., and David B. Smith, Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

W. Rodney DeVilliers, Sr., of DeVilliers & DeVilliers, Oklahoma City, Okl., for claimant-appellant.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Thomas Fred Ward (Ward), claimant, appeals from a judgment of the District Court ordering the forfeiture of $3,799.00 in United States currency to the United States in accordance with 26 U.S.C.A. § 7302[1]

---

1. U.S.C.A. § 7302 provides in part: "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property...."

(§ 7302). This is a companion case to *United States v. Ward*, 682 F.2d 876 (10th Cir. 1982) filed July 6, 1982 (McWilliams, Circuit Judge, dissenting). The facts as detailed therein will not be repeated here, except insofar as necessary to address Ward's contentions on appeal.

On October 20, 1978, Billy Jack Henry (Henry) a special agent with the Internal Revenue Service, obtained a search warrant for Ward's residence in Lawton, Oklahoma. The following day Henry and three fellow agents proceeded to the residence. After entering the residence, Agent Henry advised Ward of his right to decline to answer any questions and his right to have a lawyer present. Henry then patted him down for weapons, and inquired if he was armed. When Ward responded that he did not carry a gun but that he did carry a pocket knife, Henry requested that Ward empty his pockets and place the contents on a table. In emptying his pockets, Ward removed $499.00 from his left front pocket. This money was seized by Agent Henry after Ward stated that he "just didn't know" where it came from.

During the search of Ward's residence, Henry (using an alias and posing as Ward's agent) answered Ward's telephone numerous times. As a result of one such call, Kenneth Josey (Josey) was directed to the Ward residence. Upon his arrival at the residence, Josey met Henry on the porch and gave him $3,300.00 representing a gambling debt owed to Ward. Thereafter, when Henry identified himself as an Internal Revenue Service agent, Josey furnished a sworn statement detailing his gambling activities with Ward.

On June 26, 1979, a complaint for forfeiture was filed by the United States seeking forfeiture of $3,799.00, being the $449.00 seized from Ward and the $3,300.00 received from Josey.

After an evidentiary hearing, the district court entered its findings of fact and conclusions of law. The district court found, *inter alia*: Ward, who claims the right to the cash in question, has engaged in illegal gambling activities for years; the search warrant for Ward's residence was in proper form and legal in all respects; during the search of the Ward residence agents told Ward he was under arrest; and that the $449.00 found on Ward, which was segregated from other money, "convince[s] this court without question that the $499.00 was a part of a gambling pay, whereas other monies in the billfold and pockets of Ward was not so segregated." [R., Vol. I at p. 64].

The district court concluded, *inter alia*: the $3,799.00 was part of a gambling arrangement which was illegal since Ward had not paid the wagering tax imposed by law; the $3,799.00 is subject to forfeiture under § 7302; the actions of the agents were not so improper and unlawful as to void the fruits of the search; and although both Ward and Josey were under "considerable legal compulsion" to turn over the money in question to the agents, it makes no difference, since the "money was still clearly contraband and being used as such, was properly seized, and should be forfeited ..." [R., Vol. I at p. 66].

On appeal Ward contends the money in question was seized in violation of his constitutional rights making forfeiture improper. Specifically, Ward contends that the Fourth Amendment prohibition against unlawful searches and seizures applies to forfeiture proceedings and can be asserted as a defense herein where the government is seeking to forfeit money seized without a warrant and not incident to a lawful arrest.

We recently addressed the general law of forfeiture in *United States v. One 1957 Aero Commander, etc.*, 671 F.2d 414 (10th Cir. 1982):

Forfeitures are clearly not favored and are to be enforced only when within both the spirit and letter of the law. *United States v. One Ford Coach*, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939); *Rush v. United States*, 256 F.2d 862 (10th Cir. 1958). We have heretofore recognized the harshness of forfeiture as a remedy. *United States v. One (1) 1975 Thunderbird, etc.*, 576 F.2d 834 (10th Cir. 1978). Accordingly the proof of the use of prop-

erty in violation of a statute must be clear before forfeiture is ordered. *Id.*

However, although admittedly harsh, forfeiture is recognized as a useful governmental tool to assure compliance with recognized standards of conduct. *United States v. 1978 Cadillac El Dorado 2-Door Coupe, etc.,* 489 F.Supp. 532 (D.Utah C.D. 1980). Once the Government, as here, meets its initial burden of showing probable cause for the institution of a forfeiture action, it is the claimant's burden to prove that the requested forfeiture does not fall within the four corners of the statute. *United States v. One 1977 Pickup, etc.,* 503 F.Supp. 1027 (D.Colo.1980).

Courts have little discretion in forfeiture actions. In *United States v. One 1976 Buick Skylark, etc.,* 453 F.Supp. 639 (D.Colo.1978), the court observed:

The courts have little, if any, discretion in forfeiture cases. (*U. S. v. One 1973 Jaguar Coupe,* 431 F.Supp. 128 (D.C.N.Y.1977)). It is the government's burden to prove that there was probable cause for the institution of a forfeiture action. (*U. S. v. One 1973 Dodge Van,* 416 F.Supp. 43 (D.C.Mich. 1976)). Once established it is the claimant's burden to prove that the forfeiture does not fall properly within the act. (*U. S. v. One 1972 Toyota Mark II,* 505 F.2d 1162 (C.A.Mo.1974)). 453 F.Supp. at pp. 641–642.

671 F.2d at p. 417.

■ Although inherently civil in nature, forfeiture proceedings are not to be effectuated in derogation of one's constitutional rights. In *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) the Supreme Court made it clear that the inadequacy of the process used to secure possession may defeat the government's right to possession, at least to the extent that the government may be barred from introducing evidence illegally seized in violation of the Fourth Amendment to prove its claim to forfeitability. And in *Bramble v. Richardson,* 498 F.2d 968 (10th Cir. 1974), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974) we stated:

What *Coffey, Boyd, One Plymouth Sedan,* and *United States Coin & Currency* do indicate is that the civil nature of forfeiture proceedings will not be permitted to provide an avenue through which the fundamental rights of protection against unreasonable searches and seizures and self-incrimination can be frustrated. A close reading of those cases simply does not justify the inference that they were intended to transform forfeiture proceedings into criminal actions for all procedural purposes. The absence of the reasonable doubt standard in the challenged forfeiture process does not result in a denial of due process.

498 F.2d at p. 973.

With these guidelines in mind, we will now address the seizure and forfeiture of the money in question.

### $499.00

■ We agree with Ward that the $499.00 was improperly seized, and, accordingly, not subject to forfeiture. As noted, *supra,* the district court, in upholding the seizure and related forfeiture of the $499.00 removed from Ward's left pocket, did so on the assumption that the agents told Ward that he was under arrest. Such, however, was not the case.

Agent Henry testified:

Q But did you ever tell him he was under arrest?

A No, sir.

Q As a matter of fact, he was not ever placed under arrest, was he?

A That's correct.

[R., Vol. II at p. 33].

■ In *United States v. Ward, supra,* we held that the initial pat down of Ward was unwarranted under *Ybarra v. Illinois,* 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), and accordingly, "the second search of Ward, *i.e.,* that which resulted in disclosure of evidence obtained from Ward's pockets pursuant to Henry's request, does not pass constitutional muster under the Fourth Amendment." We cannot apply a lesser

standard to the forfeiture of the $499.00 seized from Ward after he emptied his pockets. Under *Ybarra, supra,* and our *Bramble v. Richardson, supra,* the seizure of the $499.00 and the related forfeiture was violative of Ward's constitutional rights. Thus we must set aside the district court's forfeiture of the $499.00. The only property forfeitable under § 7302 is property intended for use in violating the internal revenue laws. *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). United States currency which can be segregated from currency which is subject to the forfeitable statute is not forfeitable.

### $3,300.00

Ward contends that the $3,300.00 received from Josey was also subjected to forfeiture in violation of his [Ward's] constitutional rights. We disagree.

■ As discussed in *United States v. One 1957 Aero Commander, supra,* once the government meets its initial burden of showing probable cause for the institution of a forfeiture action, it is claimant's burden to prove that the forfeiture is not within the four corners of the statute authorizing forfeiture. In the instant case, it is uncontested that Josey appeared at the Ward residence and voluntarily tendered the $3,300.00 to Agent Henry in satisfaction of a gambling debt owed to Ward. Upon Henry's receipt of the $3,300.00, the Government met its initial burden of showing probable cause for the institution of a forfeiture proceeding. Thereafter, the burden shifted to Ward to prove that the forfeiture did "not fall within the four corners of the statute" ... § 7302. Ward has failed to meet this burden. Nothing in the record before us supports the proposition that the forfeiture of the $3,300.00 did not fall under § 7302.

■ Assuming, *arguendo,* that Ward had been able to prove that the forfeiture of the $3,300.00 did not fall under § 7302, Ward, in any event, lacked standing to challenge the forfeiture proceeding.

At the outset, we observe that Ward had no actual or constructive possession of the $3,300.00; Ward's only proprietary interest in the money was that it represented a gambling debt owed to him by Josey; and Josey voluntarily tendered the money to Agent Henry.

In *United States v. Montgomery,* 620 F.2d 753 (10th Cir. 1980), *cert. denied,* 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980) we stated:

> The government argues that the appellant lacks Fourth Amendment interest in the search of the truck or the seizure of the marijuana found therein and thus does not have standing to challenge the suppression of the fruits of the seizure. *It is well established that the suppression may be urged only by those whose rights are infringed by a search or seizure and not by those aggrieved solely by the introduction of incriminating evidence. Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Alderman v. United States,* 394 U.S. [165, 89 S.Ct. 961, 22 L.Ed.2d 176] (1969). *Usually a person is aggrieved if he has an interest in the premises searched or in the items seized or some other interest which gives him a basis for an expectation of privacy. Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). [Emphasis supplied].

620 F.2d at p. 759.

Here, as in *Montgomery,* Ward was aggrieved *solely* by the court ordered forfeiture of the $3,300.00, and not by the seizure of the money, which was voluntarily tendered to Agent Henry by Josey. Under such circumstances, we hold that Ward failed to establish a proprietary interest in the money. Thus, Ward lacks standing to challenge the forfeiture of the $3,300.00.

Affirmed in part and reversed in part.

McKAY, Circuit Judge, concurring:

■ I concur in the court's judgment and in its opinion except as it discusses standing. Since the latter discussion is dictum, I prefer to await an occasion when it is squarely at issue before addressing it.

McWILLIAMS, Circuit Judge, concurs in part and dissents in part:

Consistent with my dissent in No. 81–1164, *U.S.A. v. Ward*, 682 F.2d 876, I would affirm the judgment entered in the instant case in its entirety.