UNITED STATES of America,
Plaintiff-Appellee,

v.

ONE 1970 PONTIAC GTO, 2–DOOR
HARDTOP, etc., Defendant,

**Jesus Ramirez Sanchez,
Claimant-Appellant.**

No. 74–3074.

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1976.

Victor Sherman, Beverly Hills, Cal.,
for claimant-appellant.

Huston T. Carlyle, Jr., Asst. U. S.
Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before DUNIWAY, HUFSTEDLER
and CHOY, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment
forfeiting the appellant's automobile under 21 U.S.C. § 881. The appeal raises
three issues: (1) Was the evidence sufficient to prove that the vehicle was used
to facilitate the sale of a controlled substance? (2) Do 21 U.S.C. § 881 and 19
U.S.C. § 1615 unconstitutionally impose
upon the claimant the burden of proof
after the Government proves probable
cause to forfeit? (3) Must the Government prove probable cause by clear and
convincing evidence?

■ The evidence amply proved that
this automobile was used by one Bautista (not the claimant) to further every
aspect of the heroin transaction for
which Bautista was convicted, except the
physical transportation of the contraband. The Government informant paid
him for the heroin while both were in
the automobile. With exceptions not
here pertinent, a vehicle which is used to
transport contraband is subject to forfeiture, but the statute does not limit
forfeiture to transportation situations.
Rather, it subjects to forfeiture all vehicles "which are used, or are intended for
use, to transport, or in any manner to
facilitate the transportation, sale, receipt, possession, or concealment of"
controlled substances. (21 U.S.C. § 881
(a)(4).) This automobile was used to
help the sale of the contraband; it
was not used merely to commute to the
scene of criminal activity. (*Contrast*

66

Howard v. United States (9th Cir. 1970) 423 F.2d 1102.) Accordingly, the evidence was sufficient to establish that the vehicle was used "to facilitate the . . . sale" of contraband within the meaning of 21 U.S.C. § 881(a)(4). (*United States v. One 1950 Chevrolet 4-Door Sedan* (10th Cir. 1954) 215 F.2d 482, 484; *see Howard v. United States, supra,* 423 F.2d at 1103.)

 Appellant's constitutional attack on 21 U.S.C. § 881 and 19 U.S.C. § 1615 is mounted on the premise that forfeiture statutes are essentially criminal; therefore, the shifting of the burden of proof to the claimant denies him due process. Forfeiture statutes are deemed criminal for the purpose of protecting rights secured by the Fourth and Fifth Amendments (*Boyd v. United States* (1886) 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746), but they are predominantly civil. Despite some dicta attacking their civil characterization (*United States v. United States Coin and Currency* (1971) 401 U.S. 715, 719–20, 91 S.Ct. 1041, 28 L.Ed.2d 434), the Supreme Court has firmly refused to broaden the criminal aspect of forfeiture so as to encompass a wider range of constitutional protections. (*Calero-Toledo v. Pearson Yacht Leasing Co.* (1974) 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452; *One Lot Emerald Cut Stones and One Ring v. United States* (1972) 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438. *Accord: Bramble v. Richardson* (10th Cir. 1974) 498 F.2d 968; *United States v. Mendoza* (5th Cir. 1973) 473 F.2d 692.) Accordingly, we conclude that the challenged forfeiture statutes are not criminal enough to prevent Congress from imposing the burden of proof on the claimant, and we uphold the constitutionality of 21 U.S.C. § 881 and 19 U.S.C. § 1615.

Finally, appellant argues that the Government has to prove probable cause by clear and convincing evidence, rather than by a lesser standard of persuasiveness. We do not reach this question because the district court stated that "the government has shown, by clear and convincing evidence, that the vehicle here involved was used to facilitate the sale of heroin." Assuming, *arguendo,* that the Government's evidence must be more than ordinarily persuasive, the district court concluded that the higher standard had been met. The record provides no basis for disturbing the district court's assessment of the strength of the evidence.

Affirmed.