United States Court of Appeals,

Eleventh Circuit.

No. 96-2545

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

ONE BEECHCRAFT KING AIR 300 AIRCRAFT, Defendant-Appellant,

Martha Elena Valencia Cardenas, Claimant,

Aerotaxi De Valledupar, Ltda, Claimant-Appellant.

Jan. 8, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-249-CIV-FTM-21D), George T. Swartz, Unisted States Magistrate Judge.

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether the district court correctly upheld the constitutionality of 19 U.S.C. § 1615 as applied in this case.[1] Appellant contends that 19 U.S.C. § 1615 is unconstitutional as applied in this case because the forfeiture of its property based only upon a showing of probable cause denied it due process of law. It argues that a higher burden of proof is required because civil forfeitures constitute punishment for purposes of due process. We disagree.

We agree with the First, Second, Fourth, Seventh, Ninth and Tenth Circuits, which all have explicitly upheld the constitutionality of 19 U.S.C. § 1615. *United States v. $94,000.00*

---

[1]Title 19 U.S.C. § 1615 establishes the burdens of proof for civil forfeiture proceedings.

*in United States Currency,* 2 F.3d 778, 783-84 (7th Cir.1993) ("[T]he penalty of civil forfeiture, while sufficiently akin to the criminal law to invoke ... the strictures of the Eighth Amendment, does not convert a civil forfeiture proceeding into a criminal matter insofar as the allocation of the burden of proof is concerned."); *United States v. 228 Acres of Land and Dwelling,* 916 F.2d 808, 814 (2d Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991) ("We find nothing unconstitutional in Congress' allocation of the burdens of proof in forfeiture cases."); *United States v. Santoro,* 866 F.2d 1538, 1544 (4th Cir.1989) ("Congress may alter the burden of proof in a civil proceeding as it sees fit, without constitutional implications."); *United States v. $250,000 in United States Currency,* 808 F.2d 895, 900 (1st Cir.1987) ("Generally, Congress may alter the traditional allocation of the burden of proof without infringing on the litigant's due process rights unless the statute is criminal in nature"); *United States v. One 1970 Pontiac GTO,* 529 F.2d 65, 66 (9th Cir.1976) ("[T]he challenged forfeiture statutes are not criminal enough to prevent Congress from imposing the burden of proof on the claimant."); *Bramble v. Richardson,* 498 F.2d 968 (10th Cir.1974) (due process does not require transformation of civil forfeiture proceedings into criminal actions for procedural purposes), *cert. denied sub nom., Bramble v. Saxbe,* 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).

Like the foregoing circuits, we view *in rem* forfeiture as a civil proceeding. *See United States v. Real Property and Residence,* 921 F.2d 1551, 1556-57 (11th Cir.1991). The Supreme

Court's recent decision in *United States v. Ursery,* --- U.S. ---- 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), supports our view. Although *Ursery* did not specifically address Appellant's claim that 19 U.S.C. § 1615's burden of proof violates due process, *Ursery* made it clear that the Supreme Court continues to view *in rem* forfeiture proceedings as civil actions rather than criminal punishment. Accordingly, we hold that Congress's decision to allocate the burden of proof to the claimant in civil forfeiture proceedings is not unconstitutional. The judgment of the district court is affirmed.

AFFIRMED.