UNITED STATES of America,
Plaintiff—Appellee,

v.

Lamance Cookie BERT, Defendant—
Appellant.

United States of America,
Plaintiff—Appellant,

v.

Lamance Cookie Bert, Defendant—
Appellee.

Nos. 01–10175, 01–10214.

D.C. No. CR–00–00012–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided June 4, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

We affirm Bert's convictions. We address all of the issues Bert raises on appeal in this unpublished memorandum. We address the Government's cross-appeal in a contemporaneously filed published opinion.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I. Bert's Motion To Suppress

█ We reject Bert's argument that he was detained and searched in violation of the Fourth Amendment when he and the officers left the train terminal building. We conclude that the officers had reasonable suspicion to detain Bert outside the building and obtained the drugs in a valid search incident to arrest.[1]

"[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause."[2] In determining whether reasonable suspicion supported a detention, a court "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing."[3] While mere correspondence to a drug courier profile does not provide reasonable suspicion,[4] the combination of a profile match with factors such as traveling under an assumed name, or the giving of evasive answers to an officer's questions, can supply reasonable suspicion.[5]

It is undisputed that Bert matched a drug courier profile. Moreover, in answering Officer Paskwietz's questions—while still inside the building—Bert gave Paskwietz a name that was different than that on Bert's train ticket, a home town that was different than the address on Bert's identification, and a ticket-purchase date that Paskwietz knew to be incorrect. Under the totality of these circumstances, Paskwietz had reasonable suspicion to detain Bert by the time he and the officers left the building.

Once outside, the officers had probable cause to arrest Bert after he unzipped his shoulder bag and the officers saw within an object wrapped in white plastic that, based on the officers' experience and training, was consistent with the type of package used to smuggle illegal drugs.[6] Under the search incident to arrest exception to the warrant requirement, the officers were then justified in searching Bert's shoulder

1. "[W]e are not bound by the court's reasoning and may affirm on any ground having support in the record." *Miranda v. Clark County, Nevada*, 279 F.3d 1102, 1110 (9th Cir.2002).

2. *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

3. *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002) (internal quotation marks and citation omitted).

4. *Reid v. Georgia*, 448 U.S. 438, 441, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980) ("the agent could not, as a matter of law, have reasonably suspected the petitioner of criminal activity on the basis of these observed circumstances [correspondence to a drug courier profile]").

5. *See Florida v. Royer*, 460 U.S. 491, 502, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (holding that traveling under an assumed name and matching a drug carrier profile supplied reasonable suspicion for an investigative *Terry* stop); *see also United States v. $49,576.00*, 116 F.3d 425, 428 (9th Cir.), *rejected in part as dictum on other grounds, United States v. $129,727.00*, 129 F.3d 486, 492 n. 1 (9th Cir. 1997) (stating that, in regard to an appellant who fit a drug courier profile, "appellant's use of a fake driver's license, his evasive and dishonest answers to questions, and his general nervous behavior are indicative of some illegal activity," even if not sufficient to constitute probable cause).

6. *See United States v. Ayon–Meza*, 177 F.3d 1130, 1132–33 (9th Cir.1999) (finding probable cause for arrest when, in response to request for consent to search a bag, the suspect did not answer but only unzipped his bag to show the officer the inside, and the officer saw part of a package that, based on her experience, was packaged in a manner consistent with those that typically contain illegal drugs).

bag, which was in his "immediate control" [7] because it was slung around his neck. Thus, the search of Bert's shoulder bag, and the events leading up to it, did not violate the Fourth Amendment. Accordingly, the district court did not err in denying Bert's motion to suppress.

## II. Bert's Request for an Evidentiary Hearing

"An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist." [8] "A hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality." [9]

■ Agent Delaney—who received the confidential information that "Erick Bert" matched a drug carrier profile—stated under oath that the profile did not contain a racial element and that the confidential informant did not inform Delaney of "Erick Bert's" race. Bert, on the other hand, alleged no specific facts other than his freestanding claim that he was a victim of racial profiling. Thus, Bert offered nothing more than a conclusory allegation of illegality. Accordingly, the district court did not abuse its discretion in denying Bert's request for an evidentiary hearing.

## III. The Expert Testimony

Federal Rule of Evidence 704(b) prohibits an expert from "stat[ing] an opinion or inference" [10] that would "necessarily compel the conclusion" [11] that the defendant had the required mental state for the crime with which the defendant is charged. Bert argues that Delaney directly testified that Bert intended to distribute the drugs, or that it necessarily follows from Delaney's testimony that Bert so intended. We disagree.

■ Delaney's testimony is indistinguishable from that of the expert in *United States v. Gomez–Norena*,[12] who "merely testified that possession of large amounts of cocaine is consistent with an intent to distribute it." [13] Such testimony does not amount to an "explicit opinion" [14] or inference as to a defendant's mental state,[15] nor does it necessarily compel any conclusion in that regard.[16] Thus, the district court

---

**7.** *United States v. Hudson,* 100 F.3d 1409, 1419 (9th Cir.1996).

**8.** *United States v. Ramirez–Garcia,* 269 F.3d 945, 947 (9th Cir.2001).

**9.** *Id.; see also United States v. Wilson,* 7 F.3d 828, 835 (9th Cir.1993) (affirming denial of hearing where moving papers indicated no contested issue of fact sufficient to require an evidentiary hearing); *United States v. Licavoli,* 604 F.2d 613, 621 (9th Cir.1979) (affirming denial of hearing where allegations were only in general and conclusory terms and contained no specific allegations raising contested issue of fact).

**10.** Rule 704(b) provides that an expert witness may not "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constitut-

ing an element of the crime charged[.]" Fed. R.Evid. 704(b).

**11.** *United States v. Morales,* 108 F.3d 1031, 1037 (9th Cir.1997) (en banc).

**12.** 908 F.2d 497 (9th Cir.1990).

**13.** *Id.* at 502.

**14.** *United States v. Murillo,* 255 F.3d 1169, 1178 (9th Cir.2001) (internal quotation marks omitted), *cert. denied,* — U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002).

**15.** *See Gomez–Norena,* 908 F.2d at 502.

**16.** *Gomez–Norena* did not apply the "necessarily compels" standard, which came later, in *Morales. The Morales* en banc panel cited *Gomez–Norena* several times with approval,

did not err in admitting Delaney's testimony.[17]

### IV. Bert's Motion to Acquit for Insufficient Evidence

■ We have expressly held that "crack" cocaine "is synonymous with 'rock' cocaine."[18] Both Paskwietz and Delaney testified that the substance at issue was "rock" cocaine, either by directly identifying it as such or by agreeing with the examiner's characterization of the substance as "rock" cocaine. Thus, there was ample evidence from which a rational finder of fact could have concluded that Bert possessed "crack" cocaine.[19] Accordingly, the district court did not err in denying Bert's motion for acquittal.

### V. Bert's Knowledge of the Type and Quantity of Drugs

■ *"Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance."[20] Bert's contrary argument that *Apprendi v. New Jersey*[21] requires that drug types and quantities must now be viewed as elements of a § 841 offense is unpersuasive. *"Apprendi* eschews the distinction between sentencing factors and elements of a crime."[22] Section 841 merely has "separate statutory provisions governing [the] substantive offense and [the] sentencing factors,"[23] a structure wholly acceptable under *Apprendi*.[24] Thus, the district court did not err in instructing the jury that it need only find that Bert knew that he possessed some kind of prohibited drugs.

### VI. Bert's Prior Conviction

" 'Under the current state of the law, the Constitution does not require prior convictions that increase a statutory penalty to be charged in the indictment and proved before a jury beyond a reasonable doubt.' "[25] Bert does not dispute that he

---

however, *see Morales,* 108 F.3d at 1033, 1037–38, which means that the testimony in *Gomez–Norena*—and, by direct analogy, this case—is admissible under the "necessarily compels" standard.

**17.** We note that our recent holding regarding expert witness testimony in *United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir.2002), is not applicable to this case. In *Pineda–Torres,* the issue was whether the defendant knew that marijuana was hidden in his car. *Id.* at 863–64. The Government introduced expert testimony regarding the structure of large drug trafficking organizations in an attempt to establish knowledge, even though there was no evidence that the defendant was part of a large drug trafficking organization. *Id.* at 864. In this case, however, Delaney's testimony concerned the properly admitted and undisputed evidence of the quantity of drugs involved.

**18.** *United States v. Shaw,* 936 F.2d 412, 415 (9th Cir.1991).

**19.** *See United States v. Magallon–Jimenez,* 219 F.3d 1109, 1112 (9th Cir.2000).

**20.** *United States v. Carranza,* 289 F.3d 634 (9th Cir.2002) (emphasis in original).

**21.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**22.** *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc) ("the days of semantical hair splitting between 'elements of the offense' and 'sentencing factors' are over") (citations omitted), *petition for cert. filed,* Apr. 18, 2002 (No. 01–9813).

**23.** *Id.*

**24.** *See id.*

**25.** *United States v. Summers,* 268 F.3d 683, 688 (9th Cir.2001) (quoting *United States v. Tighe,* 266 F.3d 1187, 1190 (9th Cir.2001)), *cert. denied,* —— U.S. ——, 122 S.Ct. 1182,

had a valid prior conviction. Accordingly, the district court did not err in enhancing Bert's sentence even though his prior conviction had not been charged in the indictment nor proven to the jury.

Convictions AFFIRMED.

152 L.Ed.2d 124 (2002); *see also Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").