_____ , C.J.
Maupin

We concur:

_____ , J.
Young

_____ , J.
Shearing

_____ , J.
Rose

_____ , J.
Leavitt

_____ , J.
Becker

---

[16]The Honorable Deborah A. Agosti, Justice, voluntarily recused herself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

---

United States of America,
Plaintiff–Appellant,

v.

Lamance Cookie Bert, Defendant–
Appellee.

Nos. 01–10175, 01–10214.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Filed June 4, 2002.

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Lamance Cookie BERT, Defendant–
Appellant.**

John P. Balazs, Sacramento, CA, for the defendant-appellant.

W. Douglas Sprague, Assistant United States Attorney, Sacramento, CA, for the plaintiff-appellee.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge.

Lamance Cookie Bert (Bert) appeals his convictions under three counts of possession of a controlled substance with intent to distribute. The Government cross-appeals Bert's sentence under one of the counts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm with regard to Bert's appeal. However, we vacate Bert's sentence and remand for re-sentencing on the Government's cross-appeal. In this opinion we address only the Government's cross-appeal. We address the issues Bert raises on appeal in a contemporaneously filed unpublished memorandum.

I. BACKGROUND

Bert was tried and convicted under 21 U.S.C. § 841 for possessing, with intent to distribute, three controlled substances: cocaine, cocaine base and methamphetamine.

Bert objected to the jury verdict form. Bert argued that the form conflicted with the plain language of 21 U.S.C. § 841(b)(1)(A)(iii), because the form asked the jury whether it found that the substance or mixture involved in count one contained a "detectable amount" of cocaine base, while § 841(b)(1)(A)(iii), unlike clauses (i), (ii) and (iv)-(viii), does not contain the phrase "detectable amount."[1] The district court overruled Bert's objection. The jury found Bert guilty of possession with intent to distribute on the cocaine, cocaine base and methamphetamine counts.

Bert moved for acquittal on the cocaine base and methamphetamine counts for insufficient evidence, pursuant to Federal Rule of Criminal Procedure 29(c). The district court denied the motion. However, the district court concluded that because the jury found that the mixture contained a "detectable amount" of cocaine base, and clause (iii) omitted the phrase "detectable amount," the verdict supported sentencing only under the default simple possession provision, § 841(b)(1)(C), not under the possession with intent to distribute provision; § 841(b)(1)(A). This holding meant that Bert was not subject to a minimum sentence for his cocaine base conviction, as he would have been if sentenced under § 841(b)(1)(A).[2]

## II. ANALYSIS

■ The district court's holding was based on the court's interpretation of § 841(b)(1)(A) and was a part of the order denying Bert's Rule 29(c) motion. We review both statutory construction questions and Rule 29(c) orders de novo.[3]

Section 841(b)(1)(A) mandates a minimum sentence of ten years for any mixture or substance that "contain[s] a detectable amount" of a prohibited drug, unless the drug is cocaine base.[4] If the drug is cocaine base, the minimum sentence provision applies if the mixture or substance simply "contains" cocaine base.[5] In other words, unlike clauses (i)-(ii) and (iv)-(viii) of § 841(b)(1)(A), clause (iii) does not require that the mixture or substance contain a "detectable amount" of cocaine base; only that the mixture or substance "contain" cocaine base.

The district court held that this textual difference required the court to give force to the omission of the phrase "detectable amount," because "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."[6] The court therefore held that the cocaine base verdict—in which the jury found that the mixture or substance contained a "detectable amount" of cocaine base—did not support a conviction under § 841(b)(1)(A)(iii). This ruling meant that

1. *See* 21 U.S.C. § 841(b)(1)(A).

2. *Compare* 21 U.S.C. § 841(b)(1)(A) *with* (C). Note that § 841(b)(1)(C) does provide for a minimum sentence if death or serious bodily injury results from the use of the controlled substance. *See* 21 U.S.C. § 841(b)(1)(C). It is undisputed that Bert's offenses did not involve death or serious bodily injury, however.

3. *Harper v. United States Seafoods LP*, 278 F.3d 971, 973 (9th Cir.2002); *United States v.* *Magallon–Jimenez*, 219 F.3d 1109, 1112 (9th Cir.2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1013 (2001).

4. 21 U.S.C. § 841(b)(1)(A)(i)-(ii); (iv)-(viii).

5. *Id.* § 841(b)(1)(A)(iii).

6. *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983).

Bert was not subject to a minimum sentence for his cocaine base conviction.[7]

The district court did not determine what specific jury finding is necessary to support a conviction under clause (iii), but did implicitly recognize that the central issue is what quantity of cocaine base is required to support such a conviction.[8] Strictly speaking, the court may not have needed to address this issue, given that the jury verdict relied exclusively on a finding that the district court had determined was, in any event, insufficient to support a clause (iii) conviction. This appeal requires us to determine what clause (iii) affirmatively requires, however.

The district court's conclusion—that clause (iii) is not triggered by a finding that a mixture contains a "detectable amount" of cocaine base—necessarily implies that clause (iii) requires something other than a "detectable amount." The only possibilities are "more than a detectable amount" or "less than a detectable amount." Criminal liability cannot attach if there is "less than a detectable amount"—in other words, when no cocaine base can be detected. Thus, the issue becomes what constitutes "more than a detectable amount." The parties have cited no authority or legislative history that

answers this question, nor can we locate any.

Thus, it falls to us to determine, on our own, what constitutes "more than a detectable amount." Because anything more than a detectable amount is measurable,[9] answering the question would necessarily require us to specify the minimum measurable cocaine base content required under § 841(b)(1)(A)(iii). Such an arbitrary quantitative determination is a quintessentially legislative function that courts are ill-equipped to make and should avoid.[10]

However, were we to decline to designate such a cocaine base content, we would make it impossible to obtain convictions for possession of cocaine base with intent to distribute, because clause (iii) would lack a liability threshold. This course of [in]action would render clause (iii) meaningless, a result we should also avoid.[11]

Thus, the district court's reasoning inescapably leads to a choice between two unacceptable alternatives. We must therefore reject the district court's conclusion that a jury finding that a mixture contains only a "detectable amount" of cocaine base does not support a conviction under clause (iii).[12]

7. *See* § 841(b)(1)(C) (providing for no minimum sentence for simple possession of a controlled substance if the offense does not involve death or serious bodily injury).

8. The district court observed in its order calling for more briefing on the issue that the omission of the "detectable amount" phrase in clause (iii) suggested that clause (iii) "is limited to mixtures containing more than a detectable amount." The district court did not so hold in its final order, however.

9. *See United States v. McGeshick,* 41 F.3d 419, 421 (9th Cir.1994) ("It is doubtful that there is any real distinction between a 'measurable' amount and a 'detectable' amount.").

10. *See Hoctor v. United States Dep't of Agric.,* 82 F.3d 165, 170 (7th Cir.1996) ("The reason

courts refuse to create statutes of limitations is precisely the difficulty of reasoning to a number by the methods of reasoning used by courts.... The choice is arbitrary and courts are uncomfortable with making arbitrary choices. They see this as a legislative function.") (citation omitted).

11. *See Oscar v. Univ. Students Co–Op. Ass'n,* 939 F.2d 808, 811 (9th Cir.1991) (holding that normal principles of statutory construction preclude interpreting a statute to render part of it meaningless).

12. We also note that the district court's reasoning was essentially an application of the canon of statutory construction *expressio unius est exclusio alterius.* Under this canon, the omission of "detectable amount" in clause

■ Accordingly, we conclude that we must read into clause (iii) the "detectable amount" qualifier. The Supreme Court has stated that "the meaning of a provision is clarified by the remainder of the statutory scheme ... [when] only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."[13] This principle applies with particular force in this case. As previously discussed, we may not interpret clause (iii) to require "more than a detectable amount." By the same token, we obviously cannot interpret it to be triggered by "less than a detectable amount." Therefore, the only permissible way to interpret clause (iii) is to import the qualifier "detectable amount" from the other clauses of § 841(b)(1)(A). This reading also gives clause (iii) a substantive effect compatible with § 841 generally.

We also note that such a reading is consistent with the plain language of clause (iii). "Contain[s]" means "to have within: hold ... to consist .of wholly or in part: comprise, include ... enclose."[14] Thus, in common understanding, a mixture or substance "contains" cocaine base if there is *any* amount of cocaine base present. Accordingly, reading "contains cocaine base" as meaning "contains a detectable amount of cocaine base" is entirely consistent with the common meaning of "contains," and the plain language of clause (iii).

■ Bert raises three other arguments in support of the district court's ruling. Two are arguments that fail for reasons discussed in the memorandum filed contemporaneously with this opinion.[15] Bert's other argument is that § 841 is facially unconstitutional, an argument foreclosed by *United States v. Buckland.*[16] Finally, we disagree with the district court's conclusion that the rule of lenity applies to

(iii) must be presumed intentional and that Congress intended the omission to mean *not* a detectable amount. *See Botosan v. Paul McNally Realty,* 216 F.3d 827, 832 (9th Cir. 2000) ("The incorporation of one statutory provision to the exclusion of another must be presumed intentional under the statutory canon of *expressio unius.*") (emphasis in original); *United States v. Crane,* 979 F.2d 687, 691 n. 2 (9th Cir.1992) ("The maxim of statutory construction, '*expressio unius est esclusio alterius*' provides that '[w]hen a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.' ") (quoting *Botany Worsted Mills v. United States,* 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379 (1929)).

However, "canons [of statutory construction] are not mandatory rules. They are guides that 'need not be conclusive.' " *Chickasaw Nation v. United States,* 534 U.S. 84, 122 S.Ct. 528, 535, 151 L.Ed.2d 474 (2001) (quoting *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 115, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001)). In particular, expressio unius "is a rule interpretation, not a rule of law. The maxim is 'a product of logic and common sense,' properly applied only when it makes sense as a matter of legislative purpose."

*Longview Fibre Co. v. Rasmussen,* 980 F.2d 1307, 1313 (9th Cir.1992) (quoting *Alcaraz v. Block,* 746 F.2d 593, 607–08 (9th Cir.1984)). In this case, the mechanical application of expressio unius is contrary to both logic and legislative purpose.

13. *United States v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 217–18, 121 S.Ct. 1433, 149 L.Ed.2d 401 (2001) (internal quotation marks and citation omitted) (ellipses and alteration in original).

14. WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 491 (1986).

15. Specifically, Bert argues that the Government was required to prove that the substance was "crack" cocaine, not cocaine base, and that the Government was required to charge and prove Bert's prior conviction beyond a reasonable doubt.

16. *See* 289 F.3d 558, 564–565 (9th Cir.2002) (en banc) ("we hold that § 841 is not facially unconstitutional"), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

this case. " 'The rule of lenity applies only if, after seizing everything from which aid can be derived, ... we can make no more than a guess as to what Congress intended.' "[17] As our preceding discussion demonstrates, this is not such a case.

## III. CONCLUSION

The district court erred in determining that the omission of the phrase "detectable amount" in § 841(b)(1)(A)(iii) meant that the jury verdict did not support sentencing under § 841(b)(1)(A). We therefore vacate the sentence and remand for resentencing.

Convictions AFFIRMED, sentence VACATED, and REMANDED for resentencing.

**17.** *Holloway v. United States,* 526 U.S. 1, 12 n. 14, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999) (quoting *Muscarello v. United States,* 524 U.S. 125, 138, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998)).