**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lamance Cookie BERT, Defendant— Appellant.**

No. 03–10035.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

---

William D. Sprague, United States Attorney, Sacramento, CA, for Plaintiff–Appellee.

John P. Balazs, Esq., Sacramento, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Lamance Cookie Bert seeks reversal of the district court's judgment sentencing him to 240 months of imprisonment with three concurrent terms of ten years of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Bert relies on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in his contention that the district court erred when it enhanced his sentence based on a prior conviction not charged in an indictment or proved beyond a reasonable doubt to a jury. However, as Bert concedes, we rejected the same argument in *United States v. Pacheco–Zapeda,* 234 F.3d 411, 414 (9th Cir.2001).

Bert also contends that the district court erred in imposing ten-year periods of supervised release for counts two and three. He contends that the required "term of supervised release of at least 6 years" for count two, and "at least 8 years" for count three, under 21 U.S.C. § 841(b)(1), are limited by U.S.S.G. § 5D1.2(b), which reads: "Except as otherwise provided, the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

term of supervised release imposed shall not be less than any statutorily required term of supervised release." Bert contends that U.S.S.G. § 5D1.2(b) only permits imposition of the shortest possible terms allowable for counts two and three under § 841(b)(1). However, the "statutorily required term" is "at least 6 years" for count two and "at least 8 years" for count three. We will not read U.S.S.G. § 5D1.2(b) in a way that removes the words "at least" from § 841(b)(1). *See United States v. Garcia,* 112 F.3d 395, 398 (9th Cir.1997) (adopting *United States v. Eng,* 14 F.3d 165, 172–73 (2d Cir.1994), to hold that the required supervised release term of "at least three years" under § 841(b)(1)(C) was not limited to *only* three years by the general maximum term of supervised release imposed under 18 U.S.C. § 3583(b)(2)).

AFFIRMED.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.