**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-15753 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-02628-LKK-KJM-1 |
| v. | |
| LAMANCE COOKIE BERT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, United States District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and STOTLER, Senior
District Judge.[**]

Federal prisoner Lamance Cookie Bert appeals the district court's order

denying his motion for relief under 28 U.S.C. § 2255. We have jurisdiction

pursuant to 28 U.S.C. § 2253 and review *de novo* the district court's denial of the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Alicemarie H. Stotler, Senior United States District
Judge for the Central District of California, sitting by designation.

§ 2255 motion. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). We affirm.[1]

Bert contends that his trial counsel rendered ineffective assistance by failing to move for a mistrial on two occasions. An ineffective assistance of counsel claim requires a showing of both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is shown when trial counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Bert submits that counsel's failure to move for a mistrial after counsel learned that his statements about a missing juror were inadvertently broadcast to the jury constituted ineffective assistance. Bert argues that jurors would be "offended and biased against the defense where they believe the defense favors and is playing up to the sole African-American juror over the remaining white jurors." However, "[t]he assessment of prejudice should proceed on the assumption that the

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision. *See United States v. Bert*, 83 Fed. App'x 202 (9th Cir. Dec. 11, 2003) (unpublished); *United States v. Bert*, 292 F.3d 649 (9th Cir. 2002); *United States v. Bert*, 40 Fed. App'x 466 (9th Cir. June 4, 2002) (unpublished).

decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." *Id.* at 695. There was no discussion touching on race during the trial. The trial court gave the instruction about what constitutes evidence, and the jury is presumed to have followed that instruction. Given the conclusive evidence produced against Bert, the district court properly found that the inadvertent broadcast was not prejudicial.[2]

Bert also contends that his trial counsel rendered ineffective assistance by failing to move for a mistrial after Bert was briefly restrained by court security personnel within view of the jury after a power outage. However, given the fleeting nature of the encounter and the restrained response by the officers, even under Bert's description of the events, Bert cannot show prejudice. When this event is viewed in the context of the trial as a whole, there is no reasonable

---

[2] The parties correctly point out that *Strickland* governs the inquiry into whether Bert was prejudiced by his counsel's failure to move for a mistrial. Under *Strickland*, the view is on the result of the entire proceedings, and only those errors that could jeopardize the result are prejudicial. *See Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264-65 (2010); *Downs v. Hoyt*, 232 F.3d 1031, 1038 (9th Cir. 2000) (stating that the question under the prejudice prong "is not whether the verdict would more likely than not have been different, but whether the defendant received a fair trial, understood as a trial resulting in a verdict worthy of confidence," and holding that even if defendant "could show deficient performance" for counsel's failure to move for a mistrial, defendant could not "show that she did not receive a fair trial, understood as a trial resulting in a verdict worthy of confidence").

probability that the result of the proceedings would have been different had counsel moved for a mistrial.

**AFFIRMED**.