**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30176 |
| Plaintiff-Appellee, | D.C. No. 9:15-cr-00030-DLC -1 |
| v. | |
| KYLE ROBERT WICK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana Christensen, District Judge, Presiding

Argued and Submitted August 29, 2017
Seattle, Washington

Before:  GOULD and McKEOWN, Circuit Judges, and ROTHSTEIN,[**] District Judge.

Kyle Wick appeals from his conviction on a single count of manufacturing

and dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A).  At

the close of the Government's case-in-chief, Wick moved for judgment of acquittal

on this count under Federal Rule of Criminal Procedure 29, arguing that the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**]      The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

Government's case rested on sales of "demilled" receivers—receivers cut into pieces—which could not be "firearms" as defined by 18 U.S.C. § 921(a)(3). The district court denied the motion, and the jury convicted Wick on this count. The jury acquitted Wick on the other charges against him, which alleged violations of provisions of the National Firearms Act, 26 U.S.C. § 5861, *et seq.*, that prohibit the trafficking of "machineguns." Wick renewed his Rule 29 motion after trial, and also moved for a new trial under Rule 33. The district court denied both motions.

Wick contends that the trial court erred in not granting his motion to acquit on the "firearm" count. Wick contends that a demilled receiver cannot, as a matter of law, be a firearm. We review motions for judgment of acquittal on a sufficiency-of-the-evidence standard. *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.* To the extent that the analysis turns on the interpretation of the statutory definition of "firearm" under 18 U.S.C. § 921(a)(3), that aspect of the trial court's ruling is reviewed *de novo*. *See United States v. Bert*, 292 F.3d 649, 651 (9th Cir. 2002).

The evidence adduced by the Government was sufficient to convict Wick on the firearm charge. The evidence demonstrated that, in addition to demilled

receivers, Wick was selling complete Uzi parts kits that could "readily be converted to expel a projectile by the action of an explosive," thus meeting the statute's definition of a firearm. 18 U.S.C. § 921(a)(3)(A). Two witnesses testified that these kits contained all the necessary components to assemble a fully functioning firearm with relative ease. Therefore, we need not reach Wick's argument as to whether a demilled receiver may, by itself, support a firearm conviction under 18 U.S.C. § 922(a)(1)(A).

Finally, Wick contends that the district court erred in denying his Rule 33 motion for a new trial, in which he argued that the firearm and machinegun counts had been misjoined. Wick argues that this misjoinder prejudiced him by allowing so-called machinegun evidence to spill over into the jury's consideration of the firearm evidence. We review a district court's denial of a Rule 33 motion for abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009). There was no need in this case to segregate evidence based on the two statutory schemes under which Wick was charged, since the evidence presented on the acquitted counts was also relevant to the count on which Wick was convicted. Therefore, there was no prejudicial spillover. The district court did not abuse its discretion in denying Wick's motion for a new trial.

**AFFIRMED.**