**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER TORRES; LIA
RIVADENEYRA, individually and on
behalf of all others similarly situated,

          Plaintiffs-Appellants,

v.

TERRY GODDARD, in his individual
capacity; CAMERON H. HOLMES, AKA
Kip Holmes, in his individual capacity;
THOMAS C. HORNE, Attorney General,
Attorney General of the State of Arizona,

          Defendants-Appellees.

No.   16-16315

D.C. No. 2:06-cv-02482-SMM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted July 27, 2017
Pasadena, California

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE, NGUYEN,** and OWENS,*** Circuit Judges.

Named plaintiffs Javier Torres and Lia Rivadeneyra brought this putative class action under 42 U.S.C. § 1983 against the Attorney General and Assistant Attorney General of the State of Arizona. They allege that two warrants issued by the Maricopa County Superior Court against plaintiffs' money orders with Western Union Financial Services ("Western Union") violated their Fourth and Fourteenth Amendment rights. The district court denied class certification and granted defendants' motion for summary judgment, holding that defendants were entitled to absolute immunity for their actions. On appeal we held that although defendants were absolutely immune for the preparation and application of the warrants, they could not claim the same absolute immunity as to their execution and service, and so we affirmed in part and reversed in part for further proceedings on the question of qualified immunity. *Torres v. Goddard*, 793 F.3d 1046, 1053–59 (9th Cir. 2015). On remand, the court again denied class certification, and granted

_____

** This case was submitted to a panel that included Judge Kozinski. Following Judge Kozinski's retirement, Judge Nguyen was drawn by lot to replace him. Ninth Circuit General Order 3.2h. Judge Nguyen has reviewed all case materials.

*** This case was submitted to a panel that included Judge Reinhardt. Following Judge Reinhardt's passing, Judge Owens was drawn by lot to replace him. Ninth Circuit General Order 3.2h. Judge Owens has reviewed all case materials.

2

defendants' motion for summary judgment, holding that qualified immunity protected defendants against these claims. The court reasoned that there was no violation in that defendants "acted reasonably in service and execution . . . believing that the warrants were supported by probable cause," and that even if a violation had been committed, no clearly established law gave them fair notice of liability. Torres and Rivadeneyra appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo whether qualified immunity protects government officers from liability. *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). We review the denial of class certification for an abuse of discretion. *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

We presume the parties' familiarity with the facts of this case as set forth in our published opinion, *see Torres*, 793 F.3d at 1048–50, and as set forth in the district court's order. After consideration of the briefs, record, and argument, we affirm.

1. Torres and Rivadeneyra first argue that defendants are not entitled to qualified immunity for the execution and service of the warrants, because the warrants were insufficiently particularized. They argue that the Attorney General's use and issuance of "criteria-based" warrants violates the requirement of

3

particularized probable cause, *see Ybarra v. Illinois*, 444 U.S. 85, 91 (1979), and the prohibition on using profile evidence as probable cause, *see United States v. $49,576.00 U.S. Currency*, 116 F.3d 425, 427–28 (9th Cir. 1997), and that both propositions were clearly established.

Even assuming plaintiffs' Fourth Amendment rights were violated, such a violation was not clearly established at the time. This second prong of the qualified immunity analysis requires us to examine the "contours" of the plaintiffs' Fourth Amendment rights to determine whether those particular rights were "clearly established," *Hope v. Pelzer*, 536 U.S. 730, 739 (2002), and ask whether a "reasonable official" would have known that "what he [was] doing violate[d] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiffs carry the burden of showing that the law was clearly established at the time of the alleged violation, *see Davis v. Scherer*, 468 U.S. 183, 197 (1984), and we define "clearly established law" not at a high level of generality, but with a fair degree of granularity, *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citation omitted).

We agree with the district court's analysis, and we find that the cases cited by plaintiffs would not have provided defendants with notice in 2006 that their conduct constituted an unconstitutional seizure in violation of plaintiffs' Fourth Amendment rights. The cases they cite are simply too general to have done so.

4

*See, e.g., Ybarra*, 444 U.S. at 90 & n.2 (warrant that broadly directed the police to search "the following person or place: . . . the Aurora Tap Tavern. . . . [a]lso the person of 'Greg'" was not supported by probable cause); *$49,576.00*, 116 F.3d at 427–28 (affidavit by arresting officer noting merely that "appellant fits a drug courier profile" was insufficient for probable cause). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity," and "innocent behavior frequently will provide the basis for [it]." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Although "profile" evidence that "describe[s] a very large category of presumably innocent [persons]" does not alone establish probable cause, *Reid v. Georgia*, 448 U.S. 438, 441 (1980) (per curiam), the program at issue here identified transfers with an extremely high statistical likelihood of a criminal nexus. Whether or not the warrants were properly issued, we agree with the district court that defendants are entitled to qualified immunity as to their service and execution.

2.      Torres and Rivadeneyra argue that the district court ignored our remand of their Due Process and Commerce Clause claims, and that the district court erred in refusing to certify their class claims. As to the former argument, even if those claims survived our remand, they are nonetheless meritless because the claimed violations of the Due Process and Commerce Clauses are even less

5

"clearly established" than the claimed violations of the Fourth Amendment for which defendants are entitled to qualified immunity. As to the latter argument, "the district court need not inquire as to whether [a] meritless claim should form the basis of a class action." *Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016).

The judgment of the district court is **AFFIRMED**.